# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>GABRIEL LOPEZ-BARRAZA, )<br>*aka Gabriel Barrera,* )<br>*aka Gabriel Barraza-Lopez,* )<br>*aka Gabriel Barrera-Lopez,* )<br>  )<br>  Defendant. )<br>_____ ) | **No. CR 06-00280-TUC-RCC [CRP]**<br><br>**REPORT AND RECOMMENDATION** |

The Government moves to dismiss this case without prejudice. Defendant has no objection. Because Defendant is incompetent to stand trial and efforts to restore him to competency have been unsuccessful, this Court recommends that the motion to dismiss be granted.

On January 11, 2006, Defendant was arrested for attempting to enter the United States without inspection aboard a train entering the United States at the Port of Entry in Nogales, Arizona. Defendant was subsequently indicted for attempted illegal re-entry after deportation with a prior aggravated felony conviction.

At the request of defense counsel, Lopez-Barraza was examined by Barry Morenz, M.D. After examining Defendant, Dr. Morenz opined that, while there were concerns about malingering, Lopez-Barraza was "probably" not competent to stand trial.

On August 21, 2006, this Court ordered that Lopez-Barraza be committed to the custody of the Attorney General for treatment to see if Defendant could be restored to competence. Lopez-Barraza was sent to the Federal Medical Center in Butner, North

1 Carolina, for treatment. On January 5, 2007, Bryon Herbel, M.D. and Robert E. Cochrane,
2 Psy.D., issued their report opining that Lopez-Barraza was not competent to stand trial and
3 further treatment is not likely to restore Defendant to competence.

4     A brief evidentiary hearing was held on January 19, 2007. At that time, the
5 Government conceded Defendant was incompetent and indicated a motion to dismiss
6 indictment without prejudice would be filed. Dr. Herbel confirmed the conclusion of the
7 January 5, 2007, report. Dr. Herbel stated that Defendant was not a danger to self or others
8 in the community and proceedings under 18 U.S.C. § 4246 were not appropriate. As a result
9 of this hearing, this Court ordered that Defendant be transported back to Arizona.

10     The Government has filed its motion to dismiss. Because the Defendant is not
11 competent to stand trial and not likely to be restored to competence, this Court recommends
12 that the motion be granted and this matter be dismissed without prejudice to refile.

13     DATED this 6th day of February, 2007.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE